UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SAID ELMAJZOUB,

                              Plaintiff,

        v.

HAROLD WICKHAM, *et al.*,

                              Defendants.

Case No. 3:20-cv-00502-GMN-WGC

ORDER

## I.   DISCUSSION

The Court previously deferred a decision on the application to proceed *in forma pauperis* and referred this case to the Court's Inmate Early Mediation program.  (ECF No. 8 at 15, 16).  The Office of the Attorney General has informed the Court that it is unable to enter a notice of appearance on behalf of Defendant Ordonez, a former employee of the Nevada Department of Corrections, because it has not received authorization to represent Ordonez.  (ECF Nos. 9, 15). Therefore, this case no longer is referred to the Court's Inmate Early Mediation Program.

Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915.  The application to proceed *in forma pauperis* is therefore granted. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

## II.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that this case no longer is referred to the Inmate Early Mediation Program.

IT IS FURTHER ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) without having to prepay the full filing fee is granted.  Plaintiff shall not be required to pay an initial installment fee.  Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act.  The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Said Elmajzoub, #1034685 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

It is further ordered that the Clerk of Court will issue a summons for Defendant Ordonez and deliver the same to the U.S. Marshal for service. The Clerk also **will send** a copy of the second amended complaint (ECF No. 7), a copy of the screening order (ECF No. 8), and a copy of this order to the U.S. Marshal for service on Defendant Ordonez.

It is further ordered that the Clerk **will send** to Plaintiff **one** USM-285 form.  Plaintiff will have **thirty (30) days** within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to the Defendant on the form.

It is further ordered that within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendant was served and which was not served, if any.  If Plaintiff wishes to have service again attempted on an unserved Defendant, then a motion must be filed with the Court identifying the unserved Defendant and specifying a more detailed name and/or address for said Defendant, or whether some other manner of service should be attempted.

It is further ordered that Plaintiff will serve upon defendant or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court.  If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1.  However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

IT IS FURTHER ORDERED that this case is no longer stayed.

DATED:  October 15, 2021.

_William G. Cobb_

UNITED STATES MAGISTRATE JUDGE